# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

BJORN CHRISTIAN LUSTER,

    Movant,

vs.

UNITED STATES OF AMERICA.

No. C15-2063-LRR
No. CR13-2021-LRR

ORDER

---

    This matter appears before the court on the movant's motion for clarification and discovery (civil docket no. 7), filed on April 26, 2016, motion to seal records (civil docket no. 17), filed on July 11, 2016, motion to appoint counsel (civil docket no. 19), filed on July 18, 2016, and motion to expedite resolution of the case (civil docket no. 27), filed on February 13, 2017.

    As for the motion for clarification and discovery (civil docket no. 7), the court's April 12, 2016 order is clear. Moreover, Mark Anderson ultimately filed an affidavit. Accordingly, the motion for clarification and discovery (civil docket no. 7) is denied as moot.

    Regarding the motion to seal records (civil docket no. 17), there is no basis to seal the entire record. The movant does not specify what needs to be sealed and merely threatens to commence litigation if his demands are not met. But, it is clear that many of the documents that are filed in this case are appropriately maintained as a matter of public record. Accordingly, the motion to seal records (civil docket no. 17) is denied.

    Appointment of counsel is based on multiple factors, including the complexity of the case, and, although the court does appoint attorneys in actions that arise under 28

U.S.C. § 2255, it is not required to appoint an attorney. *See Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996) (setting forth factors to be considered for appointment of counsel in civil case); *Abdullah v. Gunter*, 949 F.2d 1032, 1035 (8th Cir. 1991) (same); *Wiggins v. Sargent*, 753 F.2d 663, 668 (8th Cir. 1985) (stating an indigent litigant enjoys neither a statutory nor a constitutional right to have counsel appointed in a civil case); *Day v. United States*, 428 F.2d 1193, 1195 (8th Cir. 1970) ("The Sixth Amendment does not extend to persons seeking post conviction relief." (citing *Baker v. United States*, 334 F.2d 444, 447 (8th Cir. 1964))). Because a review of the claims that the movant included in his motion to vacate, set aside or correct sentence, the affidavits of counsel and the resistance submitted by the government suggest that the movant is not entitled to relief, there is no reason to appoint an attorney at this time. Accordingly, the movant's motion to appoint counsel (civil docket no. 19) is denied.

Lastly, the court deems it appropriate to address this matter in the ordinary course. This case is fully briefed and is awaiting final disposition. Accordingly, the motion to expedite resolution of the case (civil docket no. 27) is denied.

**IT IS SO ORDERED**.
**DATED** this 27th day of February, 2017.

_____
LINDA R. READE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA