IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

BJORN CHRISTIAN LUSTER,

     Movant,

vs.

UNITED STATES OF AMERICA,

     Respondent.

No. 15-CV-2063-LRR
No. 13-CR-2021-LRR

**ORDER**

*TABLE OF CONTENTS*

*I. INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *1*

*II. RELEVANT BACKGROUND AND PROCEDURAL HISTORY* . . . . . . . . . . . *2*

*III. LEGAL STANDARDS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *4*

    *A. Standards Applicable to Motion Pursuant to 28 U.S.C. § 2255* . . . . . . . *4*
    *B. Standards Applicable to Constitutional Right to Counsel* . . . . . . . . . . . *8*

*IV. ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *10*

    *A. Request for Evidentiary Hearing* . . . . . . . . . . . . . . . . . . . . . . . . . . *10*
    *B. Movant's Arguments* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *11*
    *C. Motion to Amend* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *17*
    *D. Miscellaneous Motions* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *19*

*V. CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *20*

## I. INTRODUCTION

    This matter comes before the court on Bjorn Christian Luster's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 ("motion"), which he filed on July 28, 2015 (civil docket no. 1). Movant filed an amended motion on December 2, 2015

(civil docket no. 3), a supplemental motion on December 11, 2015 (civil docket no. 4) and a second supplemental motion on February 5, 2016 (civil docket no. 5).[1] On April 4, 2016, the court directed the government to brief the claims that movant asserted in the motion, amended motion and supplemental motions (civil docket no. 6). The court also directed counsel to file with the court an affidavit responding only to movant's specific allegations of ineffective assistance of counsel (*id.*). Trial counsel timely complied with the court's order by filing his affidavit on March 8, 2017 (civil docket no. 8). Movant's state court counsel also filed an affidavit (civil docket no. 16) per the court's order (civil docket no. 13). On May 18, 2016, movant filed a response to trial counsel's affidavit (civil docket no. 10) and a motion to amend (civil docket no. 9) to add a claim based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). Movant filed a response to state court counsel's affidavit on July 18, 2016 (civil docket no. 18). The government, after obtaining an extension of time to file a responsive brief (civil docket no. 13), filed its responsive brief on July 21, 2016 (civil docket no. 22-1). Movant filed his reply on August 2, 2016 (civil docket no. 24). Also before the court are movant's motion to introduce evidence (civil docket no. 26), motion for evidentiary hearing (civil docket no. 34) and "motion for summary judgment; motion for judge's recusal" (civil docket no. 35).

## II. RELEVANT BACKGROUND AND PROCEDURAL HISTORY

On August 21, 2013, a grand jury charged movant with one count of possession of a firearm, namely a destructive device, not registered to movant in the National Firearms Registration and Transfer Record, a violation of 26 U.S.C. §§ 5845(a), 5861(d) and 5871 (criminal docket no. 2). A Federal Public Defender was appointed to represent movant (criminal docket no. 8). At arraignment, movant entered his plea of not guilty (criminal docket no. 9). Later, on September 19, 2013, movant changed his plea from not guilty

---

[1] On April 12, 2016, the court granted movant's motion to amend and two supplemental motions (civil docket no. 6).

to guilty of possession of an unregistered firearm (criminal docket nos. 24 & 25).[2] The court accepted his change of plea. *See United States v. Luster*, No. CR13-2021, 2013 WL 12073226, at *1-3 (N.D. Iowa Sept. 19, 2013) (criminal docket no. 25), *report and recommendation adopted*, No. 13-CR-2021-LRR, 2013 WL 12073227 (N.D. Iowa Oct. 4, 2013) (criminal docket no. 26).

A presentence report ("PSR") was finalized on December 9, 2013 (criminal docket no. 30). A sentencing hearing was held on January 13, 2014 (criminal docket no. 33). The court sentenced movant to 87 months' imprisonment (criminal docket nos. 33 & 34). In addition, the court imposed a total of three years of supervised release and a total of $100 in special assessments (*id.*).

Movant appealed his conviction and sentence (criminal docket no. 36). Appellate counsel moved to withdraw and filed a brief under *Anders v. California*, 386 U.S. 738 (1967), arguing that the court procedurally erred by basing its selection of movant's within-Guidelines-range sentence on an unproven fact and that the court imposed a substantively unreasonable sentence. *See United States v. Luster*, 577 F. App'x 625, 626 (8th Cir. 2014). The Eighth Circuit Court of Appeals concluded that the court did not procedurally err or impose a substantively unreasonable sentence. *See id.* In addition, after independently reviewing the record in accordance with *Penson v. Ohio*, 488 U.S. 75 (1988), the Eighth Circuit Court of Appeals found no nonfrivolous issues, and, thus, granted appellate counsel's motion to withdraw and affirmed the judgment. *See Luster*, 577 F. App'x at 626.

In the motion, amended motion and supplemental motions, the court understands movant to assert ineffective assistance of counsel claims (civil docket nos. 1, 3, 4 & 5). He claims trial counsel was ineffective because she: (1) failed to file a motion to suppress evidence; (2) failed to raise issues of mens rea; (3) failed to investigate the offense; (4)

---

[2] There was no plea agreement between movant and the government.

advised movant to plead guilty to an uncharged offense; (5) failed to seek suppression of, or dismissal of the case based on, movant's statements made to federal law enforcement officers during a proffer interview; (6) failed to object to the portions of the PSR describing the facts surrounding his prior trespass and harassment convictions; and (7) failed to challenge the calculation of his criminal history score under the sentencing Guidelines. Movant asserts that state court counsel was ineffective for advising movant to participate in a proffer interview with federal authorities. Movant claims appellate counsel was ineffective for failing to raise on direct appeal that movant was convicted of an uncharged offense, that portions of the PSR describing the facts surrounding his prior trespass and harassment convictions were false and that movant's criminal history calculation was incorrect. In his motion to amend filed on May 18, 2016 (civil docket no. 9), movant seeks to add a *Johnson* claim, arguing that he is entitled to a lower Guidelines sentence because he did not have a prior conviction for a "crime of violence."

### III.  LEGAL STANDARDS

#### A.  Standards Applicable to Motion Pursuant to 28 U.S.C. § 2255

A prisoner in custody under sentence of a federal court is able to move the sentencing court to vacate, set aside or correct a sentence. *See* 28 U.S.C. § 2255(a). To obtain relief pursuant to 28 U.S.C. § 2255, a federal prisoner must establish: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction to impose such sentence"; (3) "that the sentence was in excess of the maximum authorized by law"; or (4) "[that the judgment or sentence] is otherwise subject to collateral attack." *Id.*; *see also Hill v. United States*, 368 U.S. 424, 426-27 (1962) (listing four grounds upon which relief under 28 U.S.C. § 2255 may be claimed); *Watson v. United States*, 493 F.3d 960, 963 (8th Cir. 2007) (same); *Lee v. United States*, 501 F.2d 494, 499-500 (8th Cir. 1974) (clarifying that subject matter jurisdiction exists over enumerated grounds within the statute); Rule 1 of the Rules Governing Section 2255 Proceedings (specifying scope of 28 U.S.C. § 2255). If any one

of the four grounds is established, the court is required "to vacate and set aside the judgment and [it is required to] discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

When enacting 28 U.S.C. § 2255, Congress "intended to afford federal prisoners a remedy identical in scope to federal habeas corpus." *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (en banc) (quoting *Davis v. United States*, 417 U.S. 333, 343 (1974)) (internal quotation mark omitted). Although it appears to be broad, 28 U.S.C. § 2255 does not provide a remedy for "all claimed errors in conviction and sentencing." *Id*. (quoting *United States v. Addonizio*, 442 U.S. 178, 185 (1979)). Rather, 28 U.S.C. § 2255 is intended to redress constitutional and jurisdictional errors and, apart from those errors, only "fundamental defect[s] which inherently [result] in a complete miscarriage of justice" and "omission[s] inconsistent with the rudimentary demands of fair procedure." *Hill*, 368 U.S. at 428; *see also Sun Bear*, 644 F.3d at 704 (clarifying that the scope of 28 U.S.C. § 2255 is severely limited and quoting *Hill*, 368 U.S. at 428); *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) ("Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised for the first time on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." (citing *Poor Thunder v. United States*, 810 F.2d 817, 821 (8th Cir. 1987))). A collateral challenge under 28 U.S.C. § 2255 is not interchangeable or substitutable for a direct appeal. *See United States v. Frady*, 456 U.S. 152, 165 (1982) (making clear that a motion pursuant to 28 U.S.C. § 2255 will not be allowed to do service for an appeal). Consequently, "an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment." *Id*. (quoting *Addonizio*, 442 U.S. at 184).

The law of the case doctrine has two branches. *See Ellis v. United States*, 313 F.3d 636, 646 (1st Cir. 2002). The first branch involves the "mandate rule (which, with only a few exceptions, forbids, among other things, a lower court from relitigating issues that

were decided by a higher court, whether explicitly or by reasonable implication, at an earlier stage of the same case." *Id*. The second branch, which is somewhat more flexible, provides that "a court ordinarily ought to respect and follow its own rulings" throughout subsequent stages of the same litigation. *Id*.; *see also United States v. Bloate*, 655 F.3d 750, 755 (8th Cir. 2011) ("The [law of the case] doctrine applies only to actual decisions   not dicta   in prior stages of the case."); *Roth v. Sawyer-Cleator Lumber Co.*, 61 F.3d 599, 602 (8th Cir. 1995) ("Law of the case applies only to issues actually decided, either implicitly or explicitly, in the prior stages of a case."). "[R]ulings are the law of the case and will not be disturbed absent an intervening change in controlling authority." *Baranski v. United States*, 515 F.3d 857, 861 (8th Cir. 2008); *see also Davis*, 417 U.S. at 342 (observing that law of the case did not preclude relief under 28 U.S.C. § 2255 because of intervening change in the law).

Hence, in collateral proceedings based on 28 U.S.C. § 2255, "[i]ssues raised and decided on direct appeal cannot ordinarily be relitigated." *United States v. Wiley*, 245 F.3d 750, 751 (8th Cir. 2001) (citing *United States v. McGee*, 201 F.3d 1022, 1023 (8th Cir. 2000)); *see also Lefkowitz v. United States*, 446 F.3d 788, 790-91 (8th Cir. 2006) (concluding that the same issues that have been raised in a new trial motion and decided by the district court cannot be reconsidered in a subsequent collateral attack); *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003) ("It is well settled that claims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255." (quoting *United States v. Shabazz*, 657 F.2d 189, 190 (8th Cir. 1981))); *Dall v. United States*, 957 F.2d 571, 572-73 (8th Cir. 1992) (per curiam) (concluding that claims already addressed on direct appeal could not be raised); *United States v. Kraemer*, 810 F.2d 173, 177 (8th Cir. 1987) (concluding that a movant could not "raise the same issues . . . that have been decided on direct appeal or in a new trial motion"); *Butler v. United States*, 340 F.2d 63, 64 (8th Cir. 1965) (concluding that a movant was not entitled to another review of his question). With respect to a claim that

has already been conclusively resolved on direct appeal, the court may only consider the same claim in a collateral action if "convincing new evidence of actual innocence" exists. *Wiley*, 245 F.3d at 752 (citing cases and emphasizing the narrowness of the exception).

Further, movants ordinarily are precluded from asserting claims that they failed to raise on direct appeal. *See McNeal v. United States*, 249 F.3d 747, 749 (8th Cir. 2001); *see also Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993) (per curiam) (citing *Frady*, 456 U.S. at 167-68, for the proposition that a movant is not able to rely on 28 U.S.C. § 2255 to correct errors that could have been raised at trial or on direct appeal); *United States v. Samuelson*, 722 F.2d 425, 427 (8th Cir. 1983) (concluding that a collateral proceeding is not a substitute for a direct appeal and refusing to consider matters that could have been raised on direct appeal). "A [movant] who has procedurally defaulted a claim by failing to raise it on direct review may raise that claim in a [28 U.S.C. §] 2255 proceeding only by demonstrating cause for the default and prejudice or actual innocence." *McNeal*, 249 F.3d at 749 (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)); *see also Massaro v. United States*, 538 U.S. 500, 504 (2003) ("[T]he general rule [is] that claims not raised on direct appeal may not be raised on collateral review unless the [movant] shows cause and prejudice."). "'[C]ause' under the cause and prejudice test must be something *external* to the [movant], something that cannot fairly be attributed to him." *Coleman v. Thompson*, 501 U.S. 722, 753 (1991). If a movant fails to show cause, a court need not consider whether actual prejudice exists. *See McCleskey v. Zant*, 499 U.S. 467, 501 (1991). Actual innocence under the actual innocence test "means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623; *see also McNeal*, 249 F.3d at 749 ("[A movant] must show factual innocence, not simply legal insufficiency of evidence to support a conviction."). To establish actual innocence, a movant "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable

juror would have convicted him." *Bousley*, 523 U.S. at 623 (citation omitted) (internal quotation marks omitted).[3]

### B. Standards Applicable to Constitutional Right to Counsel

The Sixth Amendment to the United States Constitution provides in pertinent part that, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his [or her] defen[s]e." U.S. Const., amend. VI. Furthermore, there is a constitutional right to effective assistance of counsel on direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 393-95 (1985); *Douglas v. California*, 372 U.S. 353, 356-57 (1963).

The Sixth Amendment right to effective counsel is clearly established. *See Strickland v. Washington*, 466 U.S. 668 (1984). In *Strickland*, the Supreme Court explained that a violation of that right has two components:

> First, [a movant] must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the [movant] by the Sixth Amendment. Second, [a movant] must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the [movant] of a fair trial, a trial whose result is reliable.

*Id.* at 687; *see also Williams v. Taylor*, 529 U.S. 362, 390 (2000) (reasserting *Strickland* standard). Thus, *Strickland* requires a showing of both deficient performance and prejudice. However, "a court deciding an ineffective assistance claim [need not] address both components of the inquiry if the [movant] makes an insufficient showing on one." *Strickland*, 466 U.S. at 697. "If it is easier to dispose of an ineffectiveness claim on grounds of lack of sufficient prejudice, . . . that course should be followed." *Id.*; *see also*

---

[3] The procedural default rule applies to a conviction obtained through trial or through the entry of a guilty plea. *See, e.g.*, *Matthews v. United States*, 114 F.3d 112, 113 (8th Cir. 1997); *Thomas v. United States*, 112 F.3d 365, 366 (8th Cir. 1997); *Reid v. United States*, 976 F.2d 446, 448 (8th Cir. 1992).

*Apfel*, 97 F.3d at 1076 ("[A court] need not address the reasonableness of the attorney's behavior if the movant cannot prove prejudice.").

The United States Supreme Court held in *Hill v. Lockhart*, 474 U.S. 52 (1985), "that the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel." *Id.* at 58. "In the context of guilty pleas, the first half of the *Strickland* . . . test is nothing more than a restatement of the standard of attorney competence set forth in [*Tollett v. Henderson*, 411 U.S. 258 (1973)] and [*McMann v. Richardson*, 379 U.S. 759 (1970)]." *Hill*, 474 U.S. at 58-59. Therefore, when a movant pleads guilty and later alleges that his or her plea is involuntary due to ineffective assistance of counsel, "the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" *Id.* at 56 (quoting *McMann*, 397 U.S. at 771). This means that "a [movant] who pleads guilty upon the advice of counsel 'may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within [the range of competence demanded of attorneys in criminal cases].'" *Id.* (quoting *Tollett*, 411 U.S. at 267). To establish that counsel's advice fell below this range of competence, a movant "must show that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The "reasonableness of counsel's challenged conduct [must be reviewed] on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690. There is a strong presumption of competence and reasonable professional judgment. *Id.*; *see also United States v. Taylor*, 258 F.3d 815, 818 (8th Cir. 2001) (operating on the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" (quoting *Strickland*, 466 U.S. at 689)); *Sanders v. Trickey*, 875 F.2d 205, 210 (8th Cir. 1989) (broad latitude to make strategic and tactical choices regarding the appropriate action to take or refrain from taking is afforded when acting in a representative capacity) (citing

*Strickland*, 466 U.S. at 694). In sum, the court must "determine whether, in light of all the circumstances, the identified acts or omissions were outside the range of professionally competent assistance." *Strickland*, 466 U.S. at 690.

To establish prejudice, "[i]t is not enough for [a movant] to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693. More specifically still, to satisfy the *Strickland* prejudice requirement in challenges to guilty pleas, the movant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59; *accord United States v. Marcos-Quiroga*, 478 F. Supp. 2d 1114, 1130 (N.D. Iowa 2007).

## IV. ANALYSIS

### A. Request for Evidentiary Hearing

A district court is given discretion in determining whether to hold an evidentiary hearing on a motion under 28 U.S.C. § 2255. *See United States v. Oldham*, 787 F.2d 454, 457 (8th Cir. 1986). In exercising that discretion, the district court must determine whether the alleged facts, if true, entitle the movant to relief. *See Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996). Accordingly, a district court may summarily dismiss a motion brought under 28 U.S.C. § 2255 without an evidentiary hearing "if (1) the . . . allegations, accepted as true, would not entitle the [movant] to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Engelen v. United States*, 68 F.3d 238, 240-41 (8th Cir. 1995) (citations omitted); *see also Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998) (stating that an evidentiary hearing is unnecessary where allegations, even if true, do not warrant relief or allegations cannot be accepted as true because they are contradicted by the record or lack factual evidence and rely on conclusive statements); *United States v. Hester*, 489 F.2d 48, 50 (8th Cir. 1973) (stating

that no evidentiary hearing is necessary where the files and records of the case demonstrate that relief is unavailable or where the motion is based on a question of law). Stated differently, the court can dismiss a 28 U.S.C. § 2255 motion without a hearing where "the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *accord Standing Bear v. United States*, 68 F.3d 271, 272 (8th Cir. 1995) (per curiam).

The court concludes that it is able to resolve movant's claims from the record. *See Rogers v. United States*, 1 F.3d 697, 699 (8th Cir. 1993) (holding that "[a]ll of the information that the court needed to make its decision with regard to [the movant's] claims was included in the record" and, therefore, the court "was not required to hold an evidentiary hearing" (citing Rule Governing Section 2255 Proceedings 8(a) and *United States v. Raddatz*, 447 U.S. 667, 674 (1980))). The evidence of record conclusively demonstrates that movant is not entitled to the relief sought. Specifically, it indicates that movant's assertions are meritless and/or frivolous. As such, the court finds that there is no need for an evidentiary hearing.

## B. Movant's Arguments

With respect to the merits of movant's claims, the court deems it appropriate to deny movant's 28 U.S.C. § 2255 motion, amended motion and supplemental motions for the reasons that are stated in the government's resistance because it adequately applied the law to the facts in the case. The government correctly asserted that trial counsel, state court counsel and appellate counsel provided professionally competent assistance to movant and did not make objectively unreasonable choices regarding the appropriate action to take or refrain from taking that prejudiced movant's defense.

Trial counsel thoroughly explained her strategy in her affidavit (civil docket no. 8), and such explanation is consistent with what occurred during pre-plea, plea and sentencing proceedings. Movant asserts several pre-plea ineffective assistance of counsel claims.

When a movant has pleaded guilty, he may not raise claims relating to pre-plea ineffective assistance of counsel. *See Tollett*, 411 U.S. at 267; *Hanson v. Passer*, 13 F.3d 275, 281 (8th Cir. 1994). A movant may only attack the voluntary and intelligent character of the plea. *See id.* Thus, the court need only address movant's ineffective assistance of counsel claims as they relate to whether his guilty plea was knowing and voluntary. Trial counsel thoroughly explained in her affidavit that she reviewed the charged offense and concluded that there was a valid basis for the charge; she reviewed discovery and the search warrant and determined that there were no grounds to support a motion to suppress evidence seized pursuant to the court-issued search warrant; she explained to movant that the government must prove knowing possession of the firearm; she met with movant numerous times and discussed the "extent and nature of the government's case against him, the nature of the charges contained in the indictment, and the contents of the discovery file"; and she advised movant "of the evidence, witnesses, and exhibits contained in the discovery file," including a report from the ATF Explosives division indicating that the device seized from movant's residence was designed to function by explosion and evidence that movant made the explosive device (civil docket no. 8 at 1-6, ¶¶ 3-5, 8-9, 13). Movant provides no objective evidence reflecting any deficient pre-plea conduct by trial counsel that rendered his guilty plea not knowing and voluntary and movant fails to show objective evidence that he would have gone to trial, rather than plead guilty, had trial counsel performed differently. Thus, movant's pre-plea ineffective assistance of trial counsel claims fail. *See Hill*, 474 U.S. at 59; *Thomas v. United States*, 951 F.2d 902, 905 (8th Cir. 1991).

In a related pre-plea ineffective assistance of counsel claim, movant asserts that state court counsel was ineffective for advising movant to participate in a proffer interview with federal law enforcement officers "without first obtaining an agreement from federal prosecutors that [would] protect the client and provide immunity from prosecution for anything said or admitted during the meeting" (civil docket no. 1 at 12-13; civil docket no.

5).[4]  As explained by state court counsel in his affidavit, movant requested that counsel contact authorities "concerning the possibility of securing [movant's] cooperation with regard to working as a confidential informant or his providing information that could lead to the arrest of other individuals who were known to [movant] to be trafficking in controlled substances in return for some consideration of his cooperation" (*id.* at 3, ¶ 8).[5] State court counsel did as movant requested and obtained a proffer agreement, which he discussed with movant (*id.* at 3-4, ¶¶ 8-9; civil docket nos. 23 & 23-1).  Movant and state court counsel signed the proffer agreement (civil docket no. 23 at 3).  During the proffer interview, movant discussed the creation of the destructive device that was found in his residence during the execution of a drug-related search warrant on January 4, 2013 (civil docket no. 23-1 at 1-2; criminal docket no. 30 at 3-4, ¶ 5).  However, most of the proffer interview concerned movant's involvement in the distribution of methamphetamine (civil docket no. 23-1 at 2-7).  It is unclear how state court counsel's conduct was deficient, especially when movant requested counsel to arrange the proffer interview.  In any event, movant's statements made during the proffer interview were not used in the grand jury proceedings in this case; rather, movant's indictment was based on evidence seized from movant's residence in a search that occurred before the proffer interview (civil docket no. 23-2; criminal docket no. 30 at 3-4, ¶ 5).  Thus, movant has failed to establish that state court counsel's performance was deficient or that he suffered any prejudice from participating in the proffer interview.

Movant's claim that trial counsel was ineffective for advising him to plead guilty to an allegedly uncharged offense is frivolous and wholly without merit.  Movant argues

_____

[4] Before movant was indicted in this case, movant had multiple state criminal cases pending against him (civil docket no. 16).

[5] State court counsel was able to resolve all state charges previously filed in Howard County through either dismissals or pleas to reduced charges with credit for time served as sentences (civil docket no. 16 at 4, ¶ 12).

that, because he was not charged with a violation of 26 U.S.C. § 5845(f), which defines "destructive device," he was convicted of an uncharged offense. The indictment charged movant with knowing possession of a firearm, namely a destructive device, not registered to him in the Nation Firearms Registration and Transfer Record in violation of 26 U.S.C. §§ 5845(a), 5861(d) and 5871 (criminal docket no. 2). 26 U.S.C. § 5845(a) defines "firearm" to include a "destructive device," which in turn is defined in 26 U.S.C. § 5845(f). To the extent trial counsel did not adequately explain the elements of the charged offense to movant, the court did so at the change of plea proceeding. Specifically, the court explained to movant that, under 26 U.S.C. § 5845(a), "the term firearm includes what's called a destructive device, and a destructive device is then further defined in Section 5845(f)"; "[s]o while the formal charge here is that you knowingly possessed a firearm, the Government is really claiming that you possessed a destructive device within the meaning of the United States Code" (criminal docket no. 42 at 8-9). Thus, movant did not plead guilty to an uncharged offense and his related ineffective assistance of trial counsel claim necessarily fails.

Moreover, in accepting movant's guilty plea, the court found that the plea was "voluntary, knowing, not the result of force, threats or promises," movant was "fully competent," was "aware of the maximum punishment, knew "his jury rights" and "voluntarily waived" those rights; there was "a factual basis for the plea"; movant was "in fact guilty of the crime to which he [pleaded] guilty"; movant "acknowledged that he had received a copy" of the indictment and had fully discussed the charge with trial counsel; trial counsel had full access to the government's discovery materials that supported a factual basis for the plea; and movant fully conferred with trial counsel and was fully satisfied with trial counsel's advice. *See Luster*, No. CR13-2021, 2013 WL 12073226, at *1-3 (criminal docket no. 25), *report and recommendation adopted*, No. 13-CR-2021-LRR, 2013 WL 12073227 (criminal docket no. 26).

Movant next claims that trial counsel was ineffective for failing to object to the narrative portions of the PSR surrounding his prior trespass and harassment convictions (criminal docket no. 30 at 9, ¶ 34; 10, ¶ 38). The record, including trial counsel's affidavit, belies this contention. Trial counsel did object to the facts in the draft PSR underlying these convictions (civil docket no. 8 at 2-3, ¶ 7; criminal docket no. 29 at 2, ¶¶ 6, 8). With respect to movant's prior trespassing conviction, trial counsel objected to and denied "all of the conduct alleged in . .. paragraph [¶ 34] except that he was trespassing at the residence of [his mother-in-law]" (criminal docket no. 29 at 2, ¶ 6). That the narrative for the trespass conviction was not changed in the final PSR does not alter the fact that trial counsel did lodge an objection. With respect to movant's prior harassment conviction, trial counsel did "not deny or contest that [movant] pled guilty to harassment," but objected "to the conclusion that he was charged with the offense for communicating threats toward deputies and the county attorney" and clarified that the offense "was the result of text messages sent by [movant] to a woman named Brittany Johnson" (*id.* at 2, ¶ 8). The narrative for the harassment conviction was amended in the final PSR based on trial counsel's objection (criminal docket no. 30 at 10-11, ¶ 38). Hence, the court rejects movant's ineffective assistance of counsel claim based on trial counsel's alleged failure to object to certain narrative portions of the PSR.

Movant also challenges the calculation of his criminal history score under the sentencing Guidelines. It is noteworthy that, despite making several objections to the PSR, none of those objections related to the calculation of movant's criminal history score or criminal history category (criminal docket no. 30). "A fact in a PSR to which the defendant has not specifically objected is a fact admitted by the defendant." *See United States v. Abrica-Sanchez*, 808 F.3d 330, 334 (8th Cir. 2015) (quoting *United States v. White*, 447 F.3d 1029, 1032 (8th Cir. 2006)). Nonetheless, assessment of criminal history points for movant's prior state court convictions was proper pursuant to USSG §4A1.1(a),

USSG §4A1.1(c) and USSG §4A1.2(e)(1). In addition, the Eighth Circuit Court of Appeals rejected movant's claim that the court imposed a substantively unreasonable sentence and affirmed movant's within-Guidelines-range sentence. *See Luster*, 577 F. App'x 625-26. Accordingly, there is no factual or legal basis to support movant's claim that his criminal history was improperly calculated. Hence, trial counsel was not ineffective for failing to challenge the criminal history calculation under the sentencing Guidelines.

The court further rejects movant's claim that appellate counsel was ineffective for failing to argue on direct appeal that movant pleaded guilty plea to an uncharged offense and that movant's criminal history calculation was incorrect. Because the court has rejected these underlying claims on the merits, appellate counsel was not ineffective for failing to raise them on direct appeal. *See Smith v. Murray*, 477 U.S. 527, 536 (1986). Movant also urges that appellate counsel was ineffective for failing to argue on direct appeal that he was sentenced based on false or inaccurate facts in the PSR. However, the Eighth Circuit Court of Appeals specifically rejected movant's argument on direct appeal that the court procedurally erred by basing its selection of movant's within-Guidelines-range sentence on an unproven fact and that the court imposed a substantively unreasonable sentence. *See Luster*, 577 F. App'x at 626. Hence, movant's contention fails.

Moreover, the court thoroughly reviewed the record and finds that the denial of movant's 28 U.S.C. § 2255 motion, amended motion and supplemental motions comports with the Constitution, results in no "miscarriage of justice" and is consistent with the "rudimentary demands of fair procedure." *Hill*, 368 U.S. at 428; *see also Apfel*, 97 F.3d at 1076 ("Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised for the first time on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." (citing *Poor Thunder*, 810 F.2d at 821)). It is not subject to debate that movant knowingly

and voluntarily pleaded guilty. *See Walker v. United States*, 115 F.3d 603, 604 (8th Cir. 1997) ("[A] valid guilty plea forecloses an attack on conviction unless 'on the face of the record the court had no power to enter the conviction or impose the sentence.'"); *United States v. Jennings*, 12 F.3d 836, 839 (8th Cir. 1994) (a voluntary and unconditional guilty plea waives all defects except those related to jurisdiction). A voluntary and intelligent guilty plea forecloses federal collateral review of alleged constitutional errors preceding the plea. *See Tollett*, 411 U.S. at 266-67. Further, it is evident that the court appropriately sentenced movant to 87 months' imprisonment. The court's application of the advisory sentencing Guidelines and consideration of the parties' arguments violated no constitutional right. *See United States v. Villareal-Amarillas*, 562 F.3d 892, 898 (8th Cir. 2009). There was no plea agreement that restricted the court's discretion during the sentencing hearing; the parties did not stipulate to any application of particular sentencing Guidelines. Lastly, it is apparent that the conduct of trial counsel, state court counsel and appellate counsel fell within a wide range of reasonable professional assistance, *Strickland*, 466 U.S. at 689, and any deficiencies in counsel's performances did not prejudice movant's defense, *id.* at 692-94. Movant's claims regarding ineffective assistance of counsel are devoid of merit.

### C. Motion to Amend

Movant has filed a motion to amend (civil docket no. 9) to add a claim under *Johnson*. In the motion to amend, movant appears to assert that he is entitled to relief because the court determined his sentencing Guidelines range based in part on a finding that his prior Iowa burglary conviction qualified as a crime of violence, pursuant to USSG §2K2.1, and that, under *Johnson*, the burglary does not qualify as a crime of violence (civil docket no. 9 at 1; civil docket no. 24 at 5). The government objects to the motion to amend (civil docket no. 22-1 at 9-17). As discussed below, movant's reliance on *Johnson* in his motion to amend is misplaced and unavailing. Thus, the court denies the

motion to amend as futile. *See Clemmons v. Delo*, 177 F.3d 680, 686 (8th Cir. 1999) (even if leave to assert the new claim had been granted, it would not have succeeded on the merits).

In *Johnson*, the United States Supreme Court held the residual clause of the Armed Career Criminal Act of 1984 (the "ACCA"), 18 U.S.C. § 924(e)(2)(B), which is identical to the residual clause in USSG §4B1.2(a)(2), was vague and that the application of the residual clause violates the Constitution's guarantee of due process. *See Johnson*, 135 S. Ct. at 2563. The holding of *Johnson* applies retroactively on collateral review. *See Welch v. United States*, 136 S. Ct. 1257, 1268 (2016). However, in *Beckles v. United States*, 137 S. Ct. 886, 895 (2017), the Supreme Court held that the advisory sentencing Guidelines, including §4B1.2(a)(2)'s residual clause, are not subject to void for vagueness challenges under the Fifth Amendment Due Process Clause. In so ruling, the Supreme Court observed that: the prior system of purely discretionary sentencing was constitutionally permissible; the Guidelines merely guide the district courts' discretion; all of the required notice was provided by the applicable statutory range, which established the permissible bounds of sentencing discretion; and the Guidelines do not implicate concern with arbitrary enforcement since they do not prohibit any conduct or establish minimum and maximum penalties for any crime. The *Beckles* decision was written more broadly than being limited to the residual clause of the career offender Guideline, §4B1.2(a)(2). The Supreme Court's rationale and ruling make it clear that the sentencing Guidelines, and not just the residual clause of §4B1.2(a)(2), are not subject to a vagueness challenge under the Due Process Clause. *See Beckles*, 137 S. Ct. at 892, 897. *Beckles* thus clarifies that the rule in *Johnson* does not extend to Guidelines applications. *See United States v. Blount*, No. 315CR30002PKHMEF1, 2017 WL 3167407, at *11 (W.D. Ark. July 14, 2017), *report and recommendation adopted*, No. 3:15-CR-30002-001, 2017 WL 3166736 (W.D. Ark. July 25, 2017).

Movant was sentenced pursuant to USSG §2K2.1 of the sentencing Guidelines (criminal docket no. 30 at 4); he neither received an enhancement of his sentence due to the ACCA nor was he sentenced as a career offender under the residual clause in USSG §4B1.2(a)(2). Thus, movant's claim that the enhancement of his sentence under USSG §2K2.1 is unconstitutional based on *Johnson* fails under the ruling in *Beckles*.

To the extent movant is seeking to add a claim under *Mathis v. United States*, 136 S. Ct. 2243 (2016),which follows from *Descamps v. United States*, 133 S. Ct. 2276 (2013), and *Taylor v. United States*, 495 U.S. 575 (1990), the claim is baseless. None of these decisions have been made retroactively applicable to cases on collateral review. *See Headbird v. United States*, 813 F.3d 1092, 1097 (8th Cir. 2016) (*Descamps* not retroactively applicable*); see also Davis v. United States*, No. 1:08cr74, 2017 WL 1477126, at *2 (E.D. Mo. Apr. 25, 2017) (noting that "several courts have held that *Descamps* and *Mathis* are not retroactively applicable to cases on collateral review") (citing *In re Thomas*, 823 F.3d 1345 (11th Cir. 2016); *Ezell v. United States*, 778 F.3d 762 (9th Cir. 2015); *Dawkins v. United States*, 829 F.3d 549 (7th Cir. 2016)); *United States v. Gabrio*, No. 01-CR-165 (RHK), 2017 WL 3309670, at *4 (D. Minn. Aug. 2, 2017) (same).

### D.  Miscellaneous Motions

In light of the disposition of this case, movant's motion to introduce evidence (civil docket no. 26), motion for evidentiary hearing (civil docket no. 34) and motion for summary judgment (civil docket no. 35) are denied as moot. In conjunction with his summary judgment motion, movant filed a motion to recuse the undersigned judge (*id.*). "A party introducing a motion to recuse carries a heavy burden of proof; a judge is presumed to be impartial and the party seeking disqualification bears the substantial *burden of proving otherwise.*" *Pope v. Fed. Express Corp.*, 974 F.2d 982, 985 (8th Cir. 1992). Movant has utterly failed to satisfy this "substantial burden." Movant points only to the

undersigned's unfavorable rulings and imposition of the upper-Guidelines sentence as evidence of the judge's bias against him (civil docket no. 35). Unfavorable judicial rulings, however, do not raise an inference of bias or require the trial judge's recusal. *See Holloway v. United States*, 960 F.2d 1348, 1351 (8th Cir. 1992). Thus, the motion to recuse shall be denied.

## V. CONCLUSION

In sum, the alleged errors that are asserted by movant warrant no relief under 28 U.S.C. § 2255. Movant's claims are without merit. Based on the foregoing, movant's 28 U.S.C. § 2255 motion, amended motion and supplemental motions shall be denied.

In a 28 U.S.C. § 2255 proceeding before a district judge, the final order is subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held. *See* 28 U.S.C. § 2253(a). Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. *See* 28 U.S.C. § 2253(c)(1)(A). A district court possesses the authority to issue certificates of appealability under 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b). *See Tiedeman v. Benson*, 122 F. 3d 518, 522 (8th Cir. 1997). Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997); *Tiedman*, 122 F.3d at 523. To make such a showing, the issues must be debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *Cox*, 133 F.3d at 569 (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)); *see also Miller-El*, 537 U.S. at 335-36 (reiterating standard).

Courts reject constitutional claims either on the merits or on procedural grounds. "'[W]here a district court has rejected the constitutional claims on the merits, the showing

required to satisfy [28 U.S.C.] § 2253(c) is straightforward: the [movant] must demonstrate that the reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). When a federal habeas petition is dismissed on procedural grounds without reaching the underlying constitutional claim, "the [movant must show], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack*, 529 U.S. at 484.

Having thoroughly reviewed the record in this case, the court finds that movant failed to make the requisite "substantial showing" with respect to the claims that he raised in his 28 U.S.C. § 2255 motion, amended motion and supplemental motions. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). Because he does not present a question of substance for appellate review, there is no reason to grant a certificate of appealability. Accordingly, a certificate of appealability shall be denied. If he desires further review of his 28 U.S.C. § 2255 motion, amended motion and supplemental motions, movant may request issuance of the certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals in accordance with *Tiedeman*, 122 F.3d at 520-22.

All other pending motions shall be denied.

**IT IS THEREFORE ORDERED**:

1) Movant's 28 U.S.C. § 2255 motion, amended motion and supplemental motions (civil docket nos. 1, 3, 4 & 5) are **DENIED**.

2) Movant's motion to amend (civil docket no. 9) is **DENIED**.

3) Movant's motion to introduce evidence (civil docket no. 26), motion for evidentiary hearing (civil docket no. 34) and "motion for summary judgment; motion for judge's recusal" (civil docket no. 35) are **DENIED**.

4) A certificate of appealability is **DENIED**.

**DATED** this 29th day of September, 2017.

LINDA R. READE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA